UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                              Case No. 17-23426-PGH

ROBERT MATTHEWS                                      Chapter 11

      Debtor.
_____/

## DB PRIVATE WEALTH MORTGAGE, LTD.'S LIMITED OBJECTION TO DEBTOR'S MOTION TO EXTEND EXCLUSIVITY PERIOD

Secured creditor, DB Private Wealth Mortgage, Ltd. ("DB Private"), through undersigned counsel, files this objection to the Debtor's Motion to Extend the Exclusivity Period [ECF No. 98], and states:

### Factual Background

1. On December 8, 2016, a Final Judgment of Foreclosure in the amount of $26,254,286.69 was entered against the Debtor and his homestead in favor of DB Private ("Final Judgment").

2. In an effort to stop the foreclosure sale which had been continued multiple times and was last scheduled following the Debtor's unsuccessful state court appeal of an order denying an additional stay of the sale, the Debtor filed on November 6, 2017, his voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code ("Petition Date").

3. As of the Petition Date, DB Private was owed $27,942,726.07. *See* Claim No. 85. Interest continues to accrue at the daily rate of $3,471.88 and by more than $1.27 million per annum. *Id*.

4. The exclusive period during which only the Debtor may file a Chapter 11 plan and solicit acceptances, was March 6, 2018 and May 5, 2018, respectively.

5. On March 6, 2018, Debtor filed his Motion to Extend Exclusivity Period ("Motion") [ECF No. 98]. The Motion seeks an extension of the exclusivity and solicitation periods by forty-five days to April 20, 2018 and June 19, 2018, respectively. The Debtor did not communicate with DB Private or its counsel prior to filing the Motion, nor did the Debtor provide any status report or assessment of his efforts to sell his homestead as part of his reorganization efforts.

6. For the reasons referenced below, DB Private respectfully requests that the Motion be denied. However, if this Court is inclined to extend the exclusivity period at all, DB Private requests that the Court terminate the exclusivity period at the end of the requested forty-five day period so that other creditors may file their own plans.

## Limited Objection to Relief Sought

7. Pursuant to 11 U.S.C. § 1121(d), the Debtor has a period of 120 days within which he has the exclusive right to file a plan of reorganization and an additional 60 days thereafter in which to obtain acceptances of the plan. Pursuant to § 1121(d), the Debtor may obtain extensions of time for the applicable period(s), after notice and hearing, for "cause."

8. The Debtor has demonstrated little in the way of "cause." As an initial matter, the Debtor has offered no reason why he is not prepared to file a plan of reorganization at this time. This is not a complicated bankruptcy case. The Debtor's only hope of making a distribution to creditors other than DB Private and the Palm Beach County tax collector is by selling the Debtor's homestead for an amount that exceeds the sizeable amount owed to DB Private under its Final Judgment. And yet, there is no mention in the Motion of the status of the sale efforts

undertaken by the Debtor and Debtor's broker[1] to market and sell the Debtor's homestead. There is no indication that the Debtor is in the process of securing a potential stalking horse bidder or that the Debtor intends to petition the court in the near future to approve any sale and bidding procedures to conduct an auction by a set time frame.

9.  The Motion instead only states that the Debtor is still in the process of valuing claims, awaiting the claims bar date of March 8th, and attending mediation with respect to litigation concerning the 160 Royal Palm LLC project. But all the while, interest continues to accrue on DB Private's Final Judgment at the rate of $3,471.88 per diem, lessening the potential for the Debtor to realize any of the equity that purportedly exists for the benefit of creditors.

10.  Extensions of time pursuant to § 1121(d) of the Bankruptcy Code should not be routinely granted. *See In re Southwest Oil Co.*, 84 B.R. 448, 450 (Bankr. W.D. Tex. 1987); *see also In re Curry Corp.,* 148 B.R. 754, 756 (Bankr. S.D.N.Y. 1992). "Section 1121 was designed, and should be faithfully interpreted, to limit the delay that makes creditors the hostages of Chapter 11 debtors." *In re Timbers of Inwood Forest Assoc., Ltd.,* 808 F.2d 363, 372 (5th Cir. 1987), *aff'd* 484 U.S. 365 (1988); *see also In re Friedman's, Inc.*, 336 B.R. 884, 889 (Bankr. S.D. Ga. 2005) (same); *In re Curry Corp.,* 148 B.R. at 755 (same). "It is clear from the legislative history that Congress intended an extension to be granted only in unusual circumstances, involving very large or complex cases." *In re Southwest Oil Co.,* 84 B.R. at 452; *see also In re Friedman's, Inc.*, 336 B.R. at 888 (finding that cause existed to extend the exclusivity period only after noting that the case was "very large and complex" due in part to the fact that on the petition date, the debtors "employed over 4,500 employees in approximately 650 stores located in 22 states" and "generated sales of more than $469 million.").

---

[1] On January 10, 2018, the Court entered an Order approving the retention of the broker for the sale of the homestead *nunc pro tunc* to November 6, 2017 and the underlying motion attached an exclusive listing agreement reflecting that the listing started on December 15, 2017 [ECF No. 74].

11. Further, the Debtor is required to show that he has been doing something during the allowed exclusivity period, and that the success of a plan is probable, to warrant an extension:

> The debtor in a Chapter 11 case is also required to demonstrate that there is a reasonable probability that it will be able to propose a plan that will result in a successful reorganization within a reasonable time…. Some promise of probable success in formulating such a plan of reorganization is an element of cause for an extension of the exclusivity period…. A reasonable probability cannot be grounded solely on speculation. The Code requires the debtor to prove that an effective reorganization is possible….
>
> In virtually every case where an extension has been granted, the debtor has shown substantial progress has been made in formulating a plan during the first 120 days.

*In re Southwest Oil Co.,* 84 B.R. at 451 (internal citations omitted).

12. While "cause" to extend a debtor's exclusive right to file a plan is not defined in the Bankruptcy Code, courts look to the legislative history of § 1121(d) to distill several factors that weigh upon whether exclusivity should be extended or terminated. Those factors include:

a) the size and complexity of the case;

b) the necessity of sufficient time to reorganize and prepare adequate information;

c) the existence of good faith progress toward reorganization;

d) whether the debtor is paying debts as they come due;

e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;

f) whether the debtor has made progress negotiating with creditors;

g) the length of time the case has been pending;

h) whether the debtor is seeking an extension to pressure creditors; and

i) whether unresolved contingencies exist.

*In re Friedman's, Inc.*, 336 B.R. at 888 (*citing In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996)). Here, the application of virtually every one of these factors

overwhelmingly demonstrates that exclusivity should be terminated, not extended.  As such, DB Private respectfully requests that the Motion be denied.

13.     DB Private is mindful, however, that this is the Debtor's first request for an extension of exclusivity and that the extension request is limited to forty-five days.  Accordingly, if the Court is inclined to extend the Debtor's exclusivity period, DB Private respectfully requests that the court terminate exclusivity at the end of the forty-five day period requested by the Debtor.

WHEREFORE, DB Private Wealth Mortgage Ltd. respectfully requests that the Court: (i) sustain this objection; (ii) deny the Motion and allow the exclusivity period to expire; and (iii) grant such other and further relief as the Court deems appropriate.

Dated: March 14, 2018.                                 Respectfully submitted,

**HOLLAND & KNIGHT LLP**
*Attorneys for DB Private Wealth Mortgage, Ltd.*
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone:  (305) 374-8500
Facsimile:   (305) 789-7799
E-mail: jose.casal@hklaw.com
E-mail: joaquin.alemany@hklaw.com

By: /s/ Joaquin J. Alemany
    Jose A. Casal
    Florida Bar No. 767522
    Joaquin J. Alemany
    Florida Bar No. 662380

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of March, 2018, a true and correct copy of the foregoing was served via U.S. Mail as indicated and/or electronic transmission to the CM/ECF registered users listed on Exhibit "A".

By: /s/ Joaquin J. Alemany
    Joaquin J. Alemany, Esq.

# Exhibit "A"

## Mailing Information for Case 17-23426-PGH

### Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Joaquin J Alemany    joaquin.alemany@hklaw.com, jose.casal@hklaw.com
- Ashley R Eagle    aeagle@righttojustice.com
- IPFS Corporation (Chandler)    lisa.chandler@ipfs.com
- Stephanie C Lieb    slieb@trenam.com, idawkins@trenam.com,mmosbach@trenam.com
- Peter J Malecki    pmalecki@riccalawyers.com, bricca@riccalawyers.com;lkendrick@riccalawyers.com
- Edward A Marod    emarod@gunster.com, dpeterson@gunster.com
- Orfelia M Mayor    omayor@ombankruptcy.com, legalservices@pbctax.com;carmen@ombankruptcy.com;cmbk@ombankruptcy.com;omayor@ecf.inforuptcy.com
- Niall T McLachlan    nmclachlan@carltonfields.com, cguzman@carltonfields.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Christian Panagakos    bp@FloridaBankruptcyAdvisors.com, fbaecf@gmail.com;r55828@notify.bestcase.com
- Steven G. Powrozek    spowrozek@logs.com, electronicbankruptcynotices@logs.com
- Harry Winderman    harry4334@hotmail.com, lynoramae@gmail.com,lm@whcfla.com,filings@whcfla.com

### Manual Notice List

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

BMW Financial Services NA, LLC, c/o AIS Portfolio Services, LP
P.O. Box 165028
Irving, TX 75016

Capital One Auto Finance, a division of Capital One, N.A., c/o AIS Portfolio Services, LP
c/o AIS Portfolio Services, LP
4515 N Santa Fe Ave Dept APS
Oklahoma City, OK 73118

Capital One Auto Finance, a divison of Capital One, N.A. c/o AIS Portfolio Services, LP
4515 N Santa Fe Ave. Dept APS
Oklahoma City, OK 73118

Lawrence Moens
245 Sunrise Ave
Palm Beach, FL 33480

Maaz Quraishi
1401 Forum Way Suite 101
West Palm Beach, FL 33401

Keith Sullivan
One Exchange Pl 6th Flr
Waterbury, CT 06702

**Creditor List**
Click the link above to produce a complete list of **creditors** only.

**List of Creditors**
Click on the link above to produce a list of **all** creditors and **all** parties in the case. User may sort in columns or raw data format.