**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**West Palm Beach Division**

IN RE                                     CASE NO. 17-23426-MAM

ROBERT MATTHEWS,                CHAPTER 11

       Debtor.

_____/

## SETH BERNSTEIN'S MOTION FOR STAY RELIEF

**Any interested party who fails to file and serve a written response to this motion within 14 days after the date of service stated in the motion shall, pursuant to Local Rule 4001-1(C), be deemed to have consented to the entry of an order granting the relief requested in the motion.**

Seth Bernstein ("Bernstein"), a creditor of Robert Matthews ("Debtor"), moves pursuant to 11 U.S.C. § 362(d)(1), Fed.R.Bankr.P. 4001, and Local Rule 4001-1, for relief from the automatic stay to obtain a stipulated order discharging an appeal bond collateralized by Bernstein. In support, Bernstein states:

1.       Prior to bankruptcy, the Debtor was subject to a foreclosure proceeding on his homestead property located at 101 Casa Bendita, Palm Beach, Florida ("Homestead") styled *DB Private Wealth Mortgage, Ltd. v. Matthews, et al.*, Case No. 502015CA006294XXXXMB in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida ("Foreclosure Action"). A judgment was entered in the creditor's favor in the Foreclosure Action and a foreclosure sale was scheduled. On August 16, 2017, the court in the Foreclosure Action entered an Order on Defendant's Motion for Stay Pending Review and to Set Bond Amount ("Stay Order") requiring the posting of a bond in the amount of $1,270,707.35 in order to postpone the sale.

2.       On August 18, 2017, Debtor and Bernstein entered into a Credit Enhancement Agreement, a copy of which is attached as Exhibit "A," pursuant to which Bernstein agreed to

1

provide $1,270,707.35 to collateralize a bond in order for the Debtor to obtain a stay pursuant to the Stay Order. Bernstein provided the funds, and the bond was issued by Capital Indemnity Corporation on August 18, 2017. The Debtor has no ownership interest in the bond collateral.

3.      On November 6, 2017, Debtor filed a voluntary petition commencing this Chapter 11 case. The Debtor has filed a plan proposing to sell the Homestead property.

4.      As a result of subsequent developments, the foreclosing creditor has agreed that it will not proceed against the bond, and the parties are prepared to submit a stipulation and request the state court's entry of an order discharging the bond, a draft of which is attached as Exhibit "B".

5.      The Debtor has no interest in the bond collateral, which was provided by and is owned by Bernstein. Accordingly, the discharge of the bond has no effect on property of the estate. However, taking any action in the foreclosure proceedings would arguably constitute the continuation of an action against the Debtor, and accordingly this motion for stay relief has been filed in an abundance of caution.

6.      Stay relief should be granted under 11 U.S.C. § 362(d)(1) "for cause," because the Debtor has no interest in the bond collateral. Although the filing of the proposed stipulation and entry of the proposed order discharging the bond in the foreclosure proceeding may technically be the continuation of an action against the debtor, the discharge of the bond does not involve any property of the estate and will not have any detrimental effect on the bankruptcy case.

**WHEREFORE**, Bernstein respectfully requests: (1) that the Court grant stay relief to permit the filing of a stipulation and request for entry of an order discharging the bond in the state court foreclosure proceeding, the entry of such an order, and the discharge of the bond by the surety; (2) that the 14-day stay period pursuant to Fed.R.Bankr.P. 4001(a)(3) be waived; and (3) that the Court grant such other and further relief as it deems appropriate.

Dated: July 30, 2018.

> KOZYAK TROPIN & THROCKMORTON, LLP
> Counsel for Seth Bernstein
> 2525 Ponce de Leon Boulevard, 9th Floor
> Coral Gables, Florida 33134
> Tel:    (305) 372-1800
> Fax:    (305) 372-3508
>
> By:    */s/ David L. Rosendorf*
>         David L. Rosendorf
>         FL Bar No. 996823

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via the Court's CM/ECF notification to those parties who are registered CM/ECF participants in this case on this 30th day of July, 2018 and all parties required by Local Rule 4001-1 as reflected in the attached service list.

> By:    */s/ David L. Rosendorf*
>         David L. Rosendorf

3

## <u>SERVICE LIST</u>

Robert Matthews
101 Casa Bendita
Palm Beach FL 33480

Heidi A Feinman
Office of the US Trustee
51 SW 1 Ave #1204
Miami FL 33130

Potomac Realty Capital, LLC
745 Boylston Street
Suite 502
Boston, MA 02116

Bank of America
Successor to Merrill Lynch Comm.
4161 Piedmont Parkway
Greensboro, NC  27410

State of Connecticut
Department of Revenue Services
450 Columbus Boulevard, Suite 1
Hartford, CT  06103

Nick Laudano
638 Shore Drive
Boynton Beach, Florida 33435

Investors Warranty of America, Inc.
4333 Edgewood Road NE
Cedar Rapids, IA  52499

Citizens Bank (f/k/a RBS Citizens)
One Citizens Plaza
Providence, RI  02903

Ditech Financial LLC
2100 East Elliot Road
Building 94
Tempe, AZ  85284

# EXHIBIT A

## Credit Enhancement Agreement

This Credit Enhancement Agreement ("Agreement") is dated August 18, 2017 (the "Effective Date") and is between SETH BERNSTEIN, an individual, together with his successors and assigns ("Depositor") and ROBERT V. MATTHEWS AND MARIA SNEDEN MATTHEWS a/k/a Mari S. Matthews, (collectively referred to herein as "Principal").

**A.      THE CREDIT ENHANCEMENT AGREEMENT.** Subject to the terms and conditions of this Agreement and provided Principal timely and completely performs all obligations in favor of Depositor contained in this Agreement and in any other agreement whether now existing or hereafter arising, Depositor will make or has made:

1. An agreement to satisfy the conditions required pursuant to an Order on Defendants' Motion for Stay Pending Review and to Set Bond Amount dated August 16, 2017 (the "Stay Order") in Case No. 502015CA006294XXXXMB in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida styled *DB Private Wealth Mortgage, LTD., v. Robert V. Matthews, Maria Sneden Matthews, a/k/a Mari S. Matthews; etc.*, (the "Foreclosure Action") in order to allow Principal an opportunity to sell their home located at 101 Casa Bendita, Palm Beach, Florida, 33480, described in the attached Exhibit "A", subject to the Foreclosure Action (the "Property"). Principal believes the value of the Property far exceeds the amount of the final judgment of foreclosure in the Foreclosure Action and seeks additional time to list and sell the Property. The Stay Order requires a cash bond in the amount of One Million Two Hundred Seventy Thousand Seven Hundred Seven and 35/100 Dollars ($1,270,707.35) to be filed with the Clerk of Court in Palm Beach County in order to stay the scheduled court ordered sale of the Property pending appellate review of the lower court's order (the "Bond").

2. Depositor has agreed to deposit cash collateral with Platte River Insurance Company and Capitol Indemnity Corporation ("Surety") in the amount of One Million Two Hundred Seventy Thousand Seven Hundred Seven and 35/100 Dollars ($1,270,707.35) (the "Collateral") for the issuance of a bond with Palm Beach County Clerk of Court in the amount of $1,270,707.35 (the "Bond"). In exchange, Principal agrees to provide Depositor with a portion of the Net Realized Value for the sale of the Property and to turn over the listing and sale of the Property, and all decisions to be made thereto, to Depositor, among other agreements set forth herein.

3. Principal acknowledges and agrees that they have no interest or right whatsoever to the Bond or to the Collateral and the Collateral shall be refunded only to Depositor.

4. The Stay Order also requires the payment of $82,251.00 to Plaintiff in the above referenced litigation for hazard insurance on the Property; and payment of the 2017 real estate property taxes on the Property. By separate Agreement, Depositor agrees to loan the funds for payment of the hazard insurance as set forth in the Loan Documents. "Loan Documents" shall mean this Agreement, the Promissory Note, any security document(s) provided for in this Agreement, and any and all other documents evidencing or securing

1

the obligations of Principal to Depositor;

**B.      EFFECT OF AGREEMENT AND DEFINITIONS.** Principal shall have no interest in the Collateral other than for the purpose set forth above, and shall not make any claim to such Collateral or otherwise attempt to collect, receive, appropriate or realize the Collateral.

**C.      COVENANTS OF PRINCIPAL** in consideration of this Agreement, Principal covenants and agrees as follows:

> **(1) Listing Requirements for the Property.** Principal agrees that Depositor shall control all aspects of the listing of the Property for sale including but not limited to decisions on who shall list and broker the Property for sale and the price for listing and for sale of the Property. Depositor shall immediately be apprised of any offers for the sale of the Property and shall make all decisions as to the terms of any purchase and sale including the purchase price.  Principal agrees to sign and agree to the terms and conditions of a Purchase and Sale Contract to consummate the sale of the Property as provided by Depositor (the "Sales Contract"). The terms of the Sales Contract shall be the sole decision of Depositor.
>
> **(2) Appellate Ruling.**  If Principals prevail at the appellate level in the Foreclosure Action, Principal agrees that the Bond shall be immediately dissolved and the Collateral returned to Depositor, but Principal acknowledges and agrees that the listing and sale of the Property shall proceed, and that Depositor is still entitled to his portion of the Net Realized Value and the satisfaction of the Promissory Note.  Principal agrees to take all necessary steps and sign all documents required in order to release the Collateral.  If Principal does not prevail at the appellate level, it is the intent of the parties, and Principal agrees to take all necessary actions and exercise best efforts to assure that Plaintiff recovers from the sale of the Property first, and not from drawing or collecting on the Bond.
>
> **(3) Depositor's Recovery at Sale of Property.**  Upon the consummation of the purchase and sale of the Property at a closing (the "Closing"), Depositor shall receive Twenty Five Percent (25%) of the net proceeds from the Closing after satisfying all mortgages, encumbrances, or liens on the Property (the "Net Realized Value").  Until such recovery by Depositor, Principal hereby assigns any and all of Principal's rights to any surplus funds resulting from a foreclosure sale of the Property to be held in Palm Beach County, Florida due to the Foreclosure Action.
>
> **(4) Promissory Note Maturity.**  Upon the Maturity Date of the Promissory Note (nine (9) months), and if the Property has not been sold despite the listing above and there has been no Closing, Principal shall immediately prepare and deliver a signed but unrecorded Warranty Deed (the "Deed") to the Property to Depositor. Depositor shall have the option, in his sole discretion, to accept and record the Deed and accept title to the Property.

**D.      REPRESENTATIONS, WARRANTIES AND ADDITIONAL COVENANTS.** Principal represents, warrants and covenants to Depositor that:

> **(1)      Organization and Authorization**.  Principal's execution, delivery and performance

2

of this Agreement and all other documents delivered to Depositor does not violate Principal's material contracts or any applicable law or regulations. All documents delivered to Depositor are legal and binding obligations of Principal who executed same.

      **(2)**   **Compliance with Tax and other Laws.** Principal shall comply (to the extent necessary so that any failure to do so will not materially and adversely affect the business or property of Principal) with all laws that are applicable to Principal and Principal's business activities, including, without limitation, all laws regarding the filing of returns and payment of taxes.

      **(3)**   **Mergers, etc.** Without the prior written consent of Depositor and except as otherwise set forth in this Agreement, Principal shall not (a) acquire all or substantially all of the assets of another entity, or (b) sell, lease or transfer all, or substantially all, of Principal's assets. Without prior written consent of Depositor, Principal shall not permit any material change to be made in the character of the Property or any business of the Principal.

      **(4)**   **Indebtedness and Liens.** Other than obligations incurred in the ordinary course of business, and except as otherwise set forth in this Agreement, Principal shall not create any additional obligations for borrowed money. Principal shall not further mortgage or encumber the Property, or any of Principal's assets, or suffer any liens to exist on the Property, or any of Principal's assets, without the prior written consent of Depositor.

      **(5)**   **Other Liabilities.** Except as otherwise set forth in this Agreement, (a) Principal shall not lend to or guarantee, endorse or otherwise become contingently liable in connection with the obligations, stock or dividends of any person, firm or corporation, except as currently exists; (b) Principal shall not default in the performance, observance or fulfillment of any of the obligations, covenants or conditions contained in any indenture, agreement or other instrument to which Principal is a party; and (c) Except as disclosed or referred to in the financial statements furnished to Depositor, there is no litigation, legal or administrative proceeding, investigation or other action of any nature pending or, to the knowledge of Principal, threatened against or affecting Principal which involves the possibility of any judgment or liability not fully covered by insurance, and which may materially and adversely affect the business or assets of Principal or Principal's ability to carry on business as now conducted.

      **(6)**   **Documentation.** Upon the written request of Depositor, Principal shall promptly and duly execute and deliver all such further instruments and documents and take such further action as Depositor may deem necessary to obtain the full benefits of the Loan Documents.

      **(7)**   Principal shall not, without prior written consent of Depositor, change Principal's name, legal form, taxpayer identification number or domicile.

**E.**   **DEFAULT.** If Principal breaches any of the terms of this Agreement, then such breach shall be considered an Event of Default. Upon an Event of Default, Depositor, at its option, shall have the right to exercise any and all of its rights under this Agreement and Loan Documents. The following occurrences shall be considered an Event of Default (i) the failure of Principal to make any payment

or comply with any terms on any Promissory Note when due and such failure continues for a period of five (5) days, (ii) the failure of Principal to observe or perform promptly when due any covenant, agreement or obligation under this Agreement or under any of the other Loan Documents; (iii) the material inaccuracy at any time of any warranty, representation or statement made to Depositor by Principal under this Agreement or the other Loan Documents; (iv) any Principal shall have died or have been declared incompetent by a court of proper jurisdiction; (v) the filing by or against any Principal of a proceeding under the United States Bankruptcy Code or for any other relief afforded debtors or affecting rights of creditors generally under the laws of any jurisdiction; and (vi) any material adverse change in the financial condition of any Principal; (vii) any statement, warranty or representation made by any Principal to Depositor proves to be untrue in any material respect In the event of a Default, Depositor, at its option, shall have the right to exercise any and all of its rights and remedies under this Agreement or the Loan Documents.

F.   **INDEMNIFICATION**.  PRINCIPAL HEREBY INDEMNIFIES DEPOSITOR AND HIS RESPECTIVE OFFICERS, DIRECTORS, EMPLOYEES, ATTORNEYS, AND AGENTS FROM, AND HOLDS EACH OF THEM HARMLESS AGAINST, ANY AND ALL LOSSES, LIABILITIES, CLAIMS, DAMAGES, PENALTIES, JUDGMENTS, DISBURSEMENTS, COSTS, AND EXPENSES (INCLUDING REASONABLE ATTORNEYS' FEES) TO WHICH ANY OF THEM MAY BECOME SUBJECT WHICH DIRECTLY OR INDIRECTLY ARISE FROM OR RELATE TO (A) THE POSTING OF THE BOND AND THE COLLATERAL DEPOSITED WITH THE SURETY, (B) NEGOTIATION, EXECUTION, DELIVERY, PERFORMANCE, ADMINISTRATION, OR ENFORCEMENT OF ANY OF THE LOAN DOCUMENTS, (C) ANY OF THE TRANSACTIONS CONTEMPLATED BY THIS AGREEMENT OR THE LOAN DOCUMENTS, (D) ANY BREACH BY THE PRINCIPAL OF ANY REPRESENTATION, WARRANTY, COVENANT, OR OTHER AGREEMENT CONTAINED IN THIS AGREEMENT OR ANY OF THE LOAN DOCUMENTS, (E) THE PRESENCE, RELEASE, THREATENED RELEASE, DISPOSAL, REMOVAL, OR CLEANUP OF ANY HAZARDOUS MATERIAL LOCATED ON, ABOUT, WITHIN, OR AFFECTING THE PROPERTY OR ASSETS OF THE PRINCIPAL , OR (E) ANY INVESTIGATION, LITIGATION, OR OTHER PROCEEDING, INCLUDING, WITHOUT LIMITATION, ANY THREATENED INVESTIGATION, LITIGATION, OR OTHER PROCEEDING, RELATING TO ANY OF THE FOREGOING.  WITHOUT LIMITING ANY PROVISION OF THIS AGREEMENT OR OF ANY OTHER LOAN DOCUMENT, IT IS THE EXPRESS INTENTION OF THE PARTIES HERETO THAT EACH PERSON TO BE INDEMNIFIED UNDER THIS SECTION SHALL BE INDEMNIFIED FROM AND HELD HARMLESS AGAINST ANY AND ALL LOSSES, LIABILITIES, CLAIMS, DAMAGES, PENALTIES, JUDGMENTS, DISBURSEMENTS, COSTS, AND EXPENSES (INCLUDING ATTORNEYS' FEES) ARISING OUT OF OR RESULTING FROM THE SOLE OR CONTRIBUTORY NEGLIGENCE OF SUCH PERSON AND SUCH PERSON'S GROSS NEGLIGENCE OR WILLFUL MISCONDUCT. PRINCIPAL FURTHER INDEMNIFIES DEPOSITOR FOR THE LOSS OF THE FULL AMOUNT OR ANY PORTION OF THE COLLATERAL, AND UPON THE LOSS OF THE COLLATERAL BY DEPOSITOR, PRINCIPAL SHALL IMMEDIATELY DELIVER TO DEPOSITOR THE AMOUNT OF THE LOST COLLATERAL AND ALL RELATED COSTS AND EXPENSES, INCLUDING ATTORNEY FEES DUE TO THE LOSS OF THE COLLATERAL.

4

**G.     LIMITATION OF LIABILITY**.  Neither Depositor nor any affiliate, officer, director, employee, attorney, or agent of Depositor shall have any liability with respect to, and the Principal hereby waives, releases, and agrees not to sue any of them upon, any claim for any special, indirect, incidental, or consequential damages suffered or incurred by the Principal in connection with, arising out of, or in any way related to, this Agreement or any of the other Loan Documents, or any of the transactions contemplated by this Agreement or any of the other Loan Documents.  The Principal hereby waives, releases, and agrees not to sue Depositor or any of  Depositor's affiliates, officers, directors, employees, attorneys, or agents for punitive damages in respect of any claim in connection with, arising out of, or in any way related to, this Agreement or any of the other Loan Documents, or any of the transactions contemplated by this Agreement or any of the other Loan Documents.

**H.     NO DUTY**.  All attorneys, accountants, appraisers, and other professional persons and consultants retained by Depositor shall have the right to act exclusively in the interest of Depositor and shall have no duty of disclosure, duty of loyalty, duty of care, or other duty or obligation of any type or nature whatsoever to the Principal or to any other person.

**I. EQUITABLE RELIEF**.  Principal recognizes that in the event the Principal fails to pay, perform, observe, or discharge any or all of its obligations to Depositor, any remedy at law may prove to be inadequate relief to Depositor.  Principal therefore agrees that Depositor, if Depositor so requests, shall be entitled to temporary and permanent injunctive relief in any such case without the necessity of proving actual damages.

**J.     MAXIMUM INTEREST RATE.**  No provision of this Agreement or any other Loan Document shall require the payment or the collection of interest in excess of the maximum amount permitted by applicable law.  If any excess of interest in such respect is hereby provided for, or shall be adjudicated to be so provided, in any Loan Document or otherwise in connection with this loan transaction, the provisions of this Section shall govern and prevail and neither Principal nor the sureties, guarantors, successors, or assigns of  Principal shall be obligated to pay the excess amount of such interest or any other excess sum paid for the use, forbearance, or detention of sums loaned pursuant hereto.  In the event Depositor ever receives, collects, or applies as interest any such sum, such amount which would be in excess of the maximum amount permitted by applicable law shall be applied as a payment and reduction of the principal of the indebtedness evidenced by any promissory note executed in connection with the Loan; and, if the principal of the Promissory Note has been paid in full, any remaining excess shall forthwith be paid to Principal.  In determining whether or not the interest paid or payable exceeds the Maximum Rate, Principal and Depositor shall, to the extent permitted by applicable law, (a) characterize any non-principal payment as an expense, fee, or premium rather than as interest, (b) exclude voluntary prepayments and the effects thereof, and (c) amortize, prorate, allocate, and spread in equal or unequal parts the total amount of interest throughout the entire contemplated term of the indebtedness evidenced by the Promissory Note so that interest for the entire term does not exceed the maximum rate allowed by applicable law, as it changes from time to time.

**K.     MISCELLANEOUS PROVISIONS**.  Principal agrees to pay all of the costs, expenses and

fees incurred in connection with the Collateral Posting and the Loan, including attorneys' fees. No parties other than Principal are entitled to rely on this Agreement. In no event shall Principal or Depositor be liable to the other for indirect, special or consequential damages, including the loss of anticipated profits, that may arise out of or are in any way connected with this Agreement. No condition or other term of this Agreement may be waived or modified except by a writing signed by Principal and Depositor. If any provision of this Agreement shall be held to be legally invalid or unenforceable by any court of competent jurisdiction, all remaining provisions of this Agreement shall remain in full force and effect. This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware.

[SIGNATURES ON FOLLOWING PAGES]

DEPOSITOR:

_____
Name: _____

_____
Seth Bernstein

_____
Name: _____

Witness

Name: _____

Name: _____

_____

Name: _____

Name: _____

PRINCIPAL:

By: _____
    Robert V. Matthews

By: _____
    Maria Sneden Matthews

## EXHIBIT A

Legal Description

Lot 6, PLAT OF CASA BEDITA, according to the map or plat thereof, as recorded in Plat Book 27, Page 22 of the Public Records of Palm Beach County, Florida.

# EXHIBIT B

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN AND
FOR PALM BEACH COUNTY, FLORIDA

DB PRIVATE WEALTH MORTGAGE,
LTD.,

      Plaintiff,

v.                                                                            CASE NO. 2015-CA-006294

ROBERT V. MATTHEWS, MARIA
SNEDEN MATTHEWS, a/k/a Mari S.
Matthews; I.C.E. Air Conditioning, Inc., a
dissolved Florida corporation; AMERICAN
EXPRESS BANK, FSB; DEPARTMENT OF
TREASURY – INTERNAL REVENUE
SERVICE; RBS Citizens, N.A.; AMERICAN
EXPRESS CENTURION BANK; SHEPLEY
WOOD PRODUCTS a/k/a Shepley Wood Pro,
Inc.; SHEPLEY WOOD PRODUCTS TRUST;
INVESTORS WARRANTY OF AMERICA,
INC., an Iowa corporation, as assignee of
Transamerica Life Insurance Company, an
Iowa corporation; POTOMAC REALTY
CAPITAL, LLC, a Delaware limited liability
company; WELLS FARGO BANK, N.A., a
national banking association, successor-in-
interest to Wells Fargo Business Credit, Inc.;
MERRILL LYNCH COMMERCIAL
FINANCE CORP., a Delaware corporation;
John and Jane Doe, fictitious names
representing tenants in possession,

      Defendants.

_____/

## AGREED MOTION TO TERMINATE APPEAL BOND AND DISCHARGE SURETY

      Movant, SETH BERNSTEIN ("Bernstein"), having received consent from the Plaintiff,

DB PRIVATE WEALTH MORTGAGE, LTD., moves the Court to enter this Order terminating

the Appeal Bond filed in this cause on August 21, 2017, and discharging the surety, Capital

Indemnity Corporation ("Surety"), on the following grounds:

1.      Bernstein provided the collateral sum of **$1,270,707.35** to the Surety in order to secure the issuance of the Appeal Bond which was posted in this cause to stay the enforcement of the Final Judgment of Foreclosure and Re-Establishment of Lost Note and Mortgage ("Final Judgment") entered on August 16, 2017.

2.      The appeal of the Final Judgment was dismissed on September 20, 2017.

3.      Plaintiff has agreed to termination of the Appeal Bond and discharge of the Surety from any liability thereunder.

4.      As depositor and owner of the collateral sum of **$1,270,707.35**, Bernstein is entitled to the release and return of the collateral upon termination of the Appeal Bond and discharge of the Surety.

5.      The Defendants ROBERT V. MATTHEWS and MARIE SNEDEN MATTHEWS have no rights or interest in the collateral, and will not be affected or prejudiced by termination of the Appeal Bond and discharge of the Surety.

WHEREFORE, Bernstein moves the Court to terminate the Appeal Bond and discharge the Surety from any liability thereunder.

**\<Certificate of Service on Following Page\>**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 30, 2018, a copy of the foregoing has been furnished via electronic mail to all counsel of record or via U.S. Mail upon all of the parties on the attached Service List.

|  |  |
|---|---|
| s/ Tucker H. Byrd | Agreed and Consented:<br><br>s/ Brian Hole |
| **Tucker H. Byrd**<br>Florida Bar No. 381632<br>**Scottie N. McPherson**<br>Florida Bar No. 085137<br>BYRD CAMPBELL, P.A.<br>180 Park Avenue North, Suite 2A<br>Winter Park, Florida 32789<br>Telephone: (407) 392-2285<br>Facsimile: (407) 392-2286<br>Primary Email:<br>TByrd@ByrdCampbell.com<br>Primary Email:<br>SMcPherson@ByrdCampbell.com<br>Secondary Email:<br>DWinters@ByrdCampbell.com<br>*Attorneys for Seth Bernstein* | **Brian K. Hole**<br>Florida Bar No. 019968<br>**Philip E. Rothschild**<br>Florida Bar No. 0088536<br>HOLLAND & KNIGHT LLP<br>515 East Las Olas Boulevard, Suite 1200<br>Fort Lauderdale, Florida 33301<br>Telephone: (954) 525-1000<br>Facsimile: (954) 463-2030<br>brian.hole@hklaw.com<br>phil.rothschild@hklaw.com<br>*Attorneys for Plaintiff* |

**<u>SERVICE LIST</u>**

| | |
|---|---|
| Christopher W. Kammerer, Esquire<br>John F. Mariani, Esquire<br>Kammerer Mariani, PLLC<br>1601 Forum Place, Suite 500<br>West Palm Beach, Florida 33340<br>ckammerer@kammerermariani.com<br>jmariani@kammerermariani.com<br>*Attorneys for Robert V. Matthews and Maria Sneden Matthews* | Department of the Treasury – Internal Revenue Service<br>c/o US Attorney<br>U.S. Attorney's Office<br>500 S. Australian Avenue, Suite 400<br>West Palm Beach, Florida 33401<br>Usafls.2410@usdoj.gov |
| American Express Bank, FSB<br>c/o CT Corporation System, Registered Agent<br>1200 S. Pine Island Road<br>Plantation, Florida 33324 | American Express Centurion Bank<br>c/o CT Corporation System, Registered Agent<br>1200 S. Pine Island Road<br>Plantation, Florida 33324 |
| RBS Citizens, N.A.<br>c/o Corporation Service Company<br>2338 W. Royal Palm Road, Suite 1<br>Phoenix, Arizona  85021 | Investors Warranty of America, Inc., an Iowa corporation, as assignee of Transamerica Life Insurance Company, as Iowa corporation<br>c/o CT Corporation System, Registered Agent<br>1200 S. Pine Island Road<br>Plantation, Florida 33324 |
| Shepley Wood Products a/k/a<br>Shepley Wood Prod, Inc.,<br>Shepley Wood Products Trust<br>216 Thornton Drive<br>Hyannis, Maryland  02601 | Potomac Realty Capital, LLC<br>c/o Corporation Service Company, Registered Agent<br>1201 Hays Street<br>Tallahassee, Florida 32301-2525 |
| Wells Fargo Bank, N.A., a national banking association, successor-in-interest to Wells Fargo Business Credit, Inc.<br>c/o CT Corporation System, Registered Agent<br>1201 Hays Street<br>Tallahassee, Florida 32301-2525 | Bank of America Corporation<br>(successor by merger Merrill Lynch Commercial Finance Corp.)<br>150 N. College Street<br>NC1-028-17-06<br>Charlotte, North Carolina 28255 |
| John Doe<br>101 Casa Bendita<br>Palm Beach, Florida 33480 | |