**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

IN RE:                                                                  Case No.: 17-23426-MAM

ROBERT MATTHEWS,                                          Chapter 11

          Debtor.

_____/

**MOTION TO APPROVE SALE OF MVH REAL PROPERTY**

**NOTE: PURSUANT TO BANKRUPTCY RULE 6004, OBJECTIONS TO THIS MOTION SEEKING TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS OR OTHER INTERESTS IN THE REAL PROPERTY TO BE SOLD MUST BE FILED AND SERVED NOT LESS THAN SEVEN DAYS BEFORE SEPTEMBER 17, 2019 OR WITHIN THE TIME FIXED BY THE COURT.  AN OBJECTION TO THE PROPOSED SALE OF PROPERTY IS GOVERNED BY BANKRUPTCY RULE 9014.**

**PROPOSED DATE OF SALE / CLOSING = September 17, 2019**
**(or shortly thereafter, contingent on Bankruptcy Court Approval)** [1]

          COMES NOW,   Liquidating Agent, Christian Panagakos of Florida Bankruptcy Advisors, P.L. ("FBA"), along with Robert Matthews (the "Reorganized Debtor"), by and through undersigned counsel, pursuant to 11 U.S.C. §§ 105(a), 363, 704, and Fed. R. Bankr. P. 2002, 6004, and moves the Court for an order: i) approving the form and manner of notice of sale, and ii)  approving the sale of the real property owned by MVH, LLC free and clear of liens, claims and encumbrances as described herein. In support of this Motion, the Reorganized Debtor states as follows:

**Summary of Proposed Sale**

**Property Description**:    0 Andrews Avenue, Naugatuck, CT 06770
                                        (also referred to as 1 Risdon Street) [2]

_____

[1] See related Notice of Hearing for specifics on hearing date, time and place.  The proposed hearing date is September 17, 2019.

**Proposed Sale Price**:    $400,000 (Four Hundred Thousand Dollars)
Arms-Length Sale; Not expressly subject to better and higher offers [3]

**Purchaser**:    The Borough of Naugatuck (unrelated to the Reorganized Debtor)

**Sole Secured Creditor**:    The Borough of Naugatuck, related to past due property taxes.
Estimated amount of secured interest = Approximately $150K [4]

**Broker/Agent**:    The Geenty Group / Kristin Geenty, President
Commission = 7.25%, as no co-broker involvement

## Background

1.    On November 6, 2017 (the "Petition Date"), the Reorganized Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.    On December 26, 2018, this Court entered an Order Confirming Plan Of Reorganization [DE 391] which modified and confirmed the First Amended Chapter 11 Plan of Reorganization of Robert Matthews [D.E. 200], as supplemented by the First Supplement to First Amended Chapter 11 Plan of Reorganization of Robert Matthews [D.E. 201] (the "Confirmed Plan" and the "Confirmation Order").

3.    The Confirmed Plan (and Confirmation Order, in part) specifically provides, in part, that:

   a.    "The [Reorganized] Debtor and any other members, officers or equity interest holders of MVH, LLC ("MVH, LLC" or "MVH") shall take all

_____

[2] There are two different reported addresses for the real property, each of which appears to reference the two parcels collectively.  The county has provided two separate tax parcel IDs # 056-0900 and # 056-0800.  Although the land is now vacant, with no building or a structure on the property, in the past, it was once owned by the Risdon Manufacturing Company (hence the Risdon Street address).  See attached Report of Title and Purchase and Sale Agreement for full legal description **Exhibit 1**.

[3] Pursuant to Local Rule 6004-1(B)(4), any interested party that seeks to submit a competing bid must submit a written Purchase and Sale Agreement in substantially the same form as that attached herein, with a minimum good-faith deposit equal to 15% of the proposed purchase price and financial documentation to support a timely cash closing on the MVH Real Property, submitted per the direction of undersigned counsel, the court-authorized Liquidating Agent of the MVH Real Property, whom interested parties should contact directly for additional information.

[4] See attached Report of Title on the MVH Real Property, through July 16, 2019, as completed by ETS, LLC. **Exhibit 2**

steps necessary, and herein authorize the Liquidating Agent to take all steps necessary on their behalf, to cause MVH to liquidate the real property owned by MVH, LLC, located at 0 Andrews Avenue (also referred to as 1 Risdon Street), Naugatuck, CT 06770 and having tax parcel IDs # 056-0900 and # 056-0800 with the Borough of Naugatuck, (both parcels collectively, the "MVH Real Property") for the sole benefit of the Debtor's instant bankruptcy estate.   The Liquidating Agent shall have the authority to execute deeds, contracts and all other documents necessary to effectuate the sale of the MVH Real Property on behalf of and as corporate agent for MVH, LLC…

b.  The MVH Real Property will be sold at a price that shall at least satisfy in full the lien on the MVH Real Property held by the Borough of Naugatuck, and shall be sold free and clear of all liens, claims, encumbrances, and other interests…

c.  Allowed Administrative Claims, including all post-confirmation fees of the Liquidating Agent which have not otherwise been satisfied shall be satisfied in full from the proceeds of the funds generated from the sale of the MVH Real Property. The net remaining proceeds from the sale of the MVH Real Property shall be deposited with the Liquidating Agent (or remain deposited with the closing agent, as determined by the Liquidating Agent and closing agent) and shall be distributed in accordance with this

Plan and in the order of priorities outlined in the Bankruptcy Code, including as set forth in 11 U.S.C. §§ 507 and §§ 726." [5]

d.  "Additional [U.S. Trustee Fees] may be required in connection with the sale of assets pursuant to 28 U.S.C. §1930, which shall be paid from… the Sale of MVH Real Property, as required by law". [6]

e.  "Unless otherwise ordered by the Court, no later than 30 days after the liquidation of …the MVH Real Property, the Liquidating Agent shall have filed a motion for distribution reflecting all distributions and expenses paid or to be paid in connection with [the Sale of the MVH Real Property]….

f.  Following…the sale of MVH Real Property, the Liquidating Agent shall file a motion for final distribution, along with a final account of the post-confirmation estate." [7]

4.      As outlined in the Notice of Filing Supplement Updating Information in Connection with MVH, LLC Only (Tab #6), with attachments [D.E. 187] (the "MVH Supplement to Periodic Report"):

a.  MVH has no operations and its sole asset is the MVH Real Property;
b.  The Reorganized Debtor estimated the net value of the MVH Real Property to be approximately $200,000 to $250,000 [8];
c.  On August 17, 2018, the Borough of Naugatuck provided an appraisal on the Property predicated on the assumption that hazardous substances do not exist at the subject property.   The appraisal discloses that "[n]o

---

[5] See Confirmed Plan, Article II (E).
[6] At the time of this filing, the Reorganized Debtor has an outstanding balance to the U.S. Trustee in the amount of $1,631.48, which this Motion specifically seeks to also be paid in full through the sale of the MVH Real Property as a priority, Administrative claim.
[7] See Confirmed Plan, Article II (F).
[8] The net valuation range of approximately $200,000 to $250,000 was derived by using the Geenty Group's valuation range, after deducting expected broker commissions and the approximate $150,000 expected tax claim (at the time) held by The Borough of Naugatuck.

apparent evidence of contamination was observed on the date of inspection. However, [the appraiser] note[s] that the Department of Energy Environment and Environmental Protection has identified the subject as a Transfer Act site and has recorded the property on its list of contaminated or potentially contaminated sites." With such contingencies, the appraised price is $720,000. (*See* attachment to MVH Supplement to Periodic Report).

d.  On September 5, 2018, Debtor's bankruptcy counsel received a Property analysis and proposal from The Geenty Group, Realtors (the "Geenty Group") in connection with their sale of the Property for the benefit of the Debtor's bankruptcy estate. The Geenty Group does consider the environmental factors to some extent. With such considerations, the Geenty Group values the land in today's market to be in the range of $385,000 - $435,000. (*See* attachment to MVH Supplement to Periodic Report).

5.    On October 31, 2018, this Court approved Debtor's Application to Employ The Geenty Group as broker for sale of the MVH Real Property. (*See* Application to Employ, D.E. 247).[9] Due to potential environmental risks that exist on the real property, among other things, the value of the property was again estimated at a range of $385,000.00 - $435,000.00.

1.    After listing and aggressively marketing the MVH Real Property, in July 2019, The Geenty Group secured an arms-length Purchase and Sale Agreement for the MVH Real Property with the Borough of Naugatuck, a governmental entity and unaffiliated third-party purchaser. **See Exhibit 1** (the "MVH PSA").

6.    The Geenty Group, in good-faith, believes that the $400,000 purchase price reflected in the MVH PSA reflects a fair market value for the Property under the current circumstances. Moreover, special counsel Rice, Pugatch Robinson Storfer & Cohen, PLLC

---

[9] The exclusive listing agreement with The Geenty Group was extended, per this Court's Order entered on 5/15/19 [DE 443].

believes the terms reflected in the MVH PSA are customary and arms-length for a transaction of this type and under the current circumstances.[10]  Accordingly, the Liquidating Agent supports the sale of the MVH Property in accordance with the terms of the MVH PSA.

7.      Pursuant to Bankruptcy Rule 2002(a), the Liquidating Agent shall provide creditors with 21 days' notice of the Sale Hearing through the service of the instant Motion and related Notice of Hearing.  The Liquidating Agent will serve the Motion on the Reorganized Debtor, all creditors, all known interested parties in MVH, LLC and on the Office of the United States Trustee.

## Sale of Property Free and Clear of Liens, Claims and Encumbrances And In Strict Accordance with the Confirmed Plan and Confirmation Order

8.      Pursuant to §§ 363(b) and 1123 of the Bankruptcy Code, and as outlined herein, the Liquidating Agent seeks to sell the MVH Real Property free and clear of all liens, claims and encumbrances, with the proceeds of such sale to be used for the sole benefit of the Reorganized Debtor's estate in strict accordance with the provisions of the Confirmed Plan and Confirmation Order.

9.      The Reorganized Debtor seeks the entry of an Order authorizing the Liquidating Agent to sell and convey the MVH Real Property free and clear of liens, claims, interests and encumbrances, including but not limited to, the actual and/or potential interests held by the following parties:

        a.  MVH, LLC by reason of its legal title to the MVH Real Property.

        b.  Any and all members and other interest holders in MVH, LLC, by reason of their legal or equitable title to MVH, LLC or the MVH Real Property.

---

[10] See Order Approving Employment Of Craig A. Pugatch, Esq., And The Law Firm Of Rice Pugatch Robinson Storfer & Cohen, PLLC As Special Real Estate And Title Counsel Nunc Pro Tunc To November 27, 2018 [D.E. 412].

c. Robert V. Matthews, by reason of his legal and/or equitable interest in MVH, LLC.

d. Maria Matthews, by reason of her legal and/or equitable interest in MVH, LLC, including without limitation by reason of her marriage to Robert V. Matthews and that Continuous Marriage Affidavit recorded in O.R. Book 22921, Page 1879, Public Records of Palm Beach County, Florida.

e. Edward A. Marod, Esq., attorney for Lan Li, et al, and all interested parties, as more particularly set forth in the Notice of Appearance and Request for Service in United States Bankruptcy Court, Southern District of Florida, West Palm Beach Division Case No. 18-19441, Docket Entry 31.; and as identified in action pending in U.S. District Court Case No. 16-81871; and by reason of and as related to Proof of Claim Nos. 19 through and including 81.

f. Other EB5 Creditors, by reason of and as related to Proof of Claim Nos. 89 through and including 101.

g. Securities and Exchange Commission by reason of United States District Court, Southern District of Florida, West Palm Beach Division Case No. 18-81038; and as related to Proof of Claim No. 86.

h. Ryan Black, by reason of Palm Beach County Circuit Court Case No. 15-14228 and US Southern District Court Case No. 9:15-CV-81606-KAM.

i. Patricia Cox and Michael Cox, by reason of Palm Beach County Circuit Court Case No. 2017-CA-005634.

j. Palm House LLC, by reason of Palm Beach County Circuit Court Case No. 15-14228;

k. Joseph J. Walsh, Sr., by reason of any interest in Palm House Hotel LLLP and any alleged interest in the Property;

l. Connect Auto, Inc. by reason of Palm Beach County Circuit Court Case No. 16-003374;

m. Ryan Cowell, as assignee of HBA International, and by reason of US Southern District Court Case No. 9:15-CV-81606-KAM.

7

n.  Gerry Matthews, by reason of his legal and/or equitable interest in MVH, LLC, including without limitation by reason of Palm Beach County Circuit Court Case No, 14-12824 and Palm Beach County Circuit Court Case No. 15-14228;

o.  160 Royal Palm LLC by reason of and as related to Proof of Claim No. 102;

p.  Daniel Gorman, as to any interest disclosed by Memorandum of Understanding Agreement recorded in Official Records Book 27522 Page 958.

q.  DB Private Wealth Mortgage Ltd., by reason of Case No. 2015CA006294 filed in the Circuit Court of Palm Beach County, Florida, resulting in a Final Judgment recorded on December 13, 2016, in O.R. Book 28764, Page 342, Public Records of Palm Beach County, Florida.

r.  The Internal Revenue Service, by reason of those Federal Tax Liens against R. V. Matthews and/or MVH, LLC, or similar names, including without limitation those recorded at O.R. Book 23141, Page 179; O.R. Book 23141, Page 180; O.R. Book 28603, Page 678; O.R. Book 29759, Page 289; O.R. Book 29759, Page 290, Public Records of Palm Beach County, Florida; and as related to Proof of Claim No. 1, including without limitation any and all liens attached to or related to such Proof of Claim, including without limitation any liens recorded with or within the state of Connecticut; and as related to any post-petition restitution the Reorganized Debtor may owe to the Internal Revenue Service, including without limitation any liens related to any such post-petition restitution.

s.  Investors Warranty judgment and corresponding judgment lien; and as related to Proof of Claim No. 17.

t.  Merrill Lynch Commercial Finance Corp., now held by Bank of America, N.A., by reason of that Final Judgment as related to Proof of Claim No. 15.

u.  ICE Air Conditioning, Inc. by reason of its Final Judgment Potomac Realty Capital, LLC by reason of its Final Judgment

v.  American Express Bank, FSB by reason of its Final Judgment  as related to Proof of Claim No. 5.

w.  American Express Centurion Bank by reason of its Final Judgment as related to Proof of Claim No. 6.

x.  Shepley Wood Products and Shepley Wood Products Trust (believed to be assigned to Botticelli Advisors) by reason of its Final Judgment Seth Bernstein/SAB LLC, by reason of and as related to Proof of Claim No. 83, including without limitation that Credit Enhancement Agreement entered into between Seth Bernstein and the Reorganized Debtor and attached to said Proof of Claim.

y.  JPMorgan Chase Bank, National Association ("JPMorgan"), by reason of and as related to Proof of Claim No. 16.

z.  Glenn Straub and any and all affiliates of Glenn Straub, including without limitation KK-PB Investments LLC, West Coast Investors, LLC and Palm Beach Polo, Inc. by reason of and as related to Case No. 562018CA001224AXXXHC, Circuit Court of the 19th Judicial Circuit, Palm Beach, Florida, the property located at 160 Royal Palm and claims associated with 160 Royal Palm LLC and its affiliates, or by reason of any known or unknown post-petition claims.

10.  Pursuant to this Motion and the Confirmed Plan, and in the abundance of caution, the Property will be sold free and clear of the following previously recorded interests and liens which have been avoided in their entirety by the Confirmed Plan and the Confirmation Order, and do not constitute further secured claims or liens on MVH, LLC or the MVH Real Property to any extent:

a.  Merrill Lynch Commercial Finance Corp., now held by Bank of America, N.A., by reason of that Final Judgment recorded at O.R. Book 22799, Page 1434, Public Records of Palm Beach County, Florida, and as related to Proof of Claim No. 15.

9

b.  ICE Air Conditioning, Inc. by reason of that Final Judgment recorded at O.R. Book 23338, Page 1589, Public Records of Palm Beach County, Florida.

c.  Potomac Realty Capital, LLC by reason of that Final Judgment recorded at O.R. Book 23807, Page 12, Public Records of Palm Beach County, Florida.

d.  American Express Bank, FSB by reason of that Final Judgment recorded at O.R. Book 23859, Page 484, Public Records of Palm Beach County, Florida, and as related to Proof of Claim No. 5..

e.  American Express Centurion Bank by reason of that Final Judgment recorded at O.R. Book 24061, Page 1162, Public Records of Palm Beach County, Florida, and as related to Proof of Claim No. 6..

f.  Shepley Wood Products and Shepley Wood Products Trust (believed to be assigned to Botticelli Advisors) by reason of that Final Judgment at O.R. Book 24994, Page 1099; RBS Citizens, N.A. at O.R. Book 26055, Page 1200, Public Records of Palm Beach County, Florida.

g.  Seth Bernstein/SAB LLC, by reason of and as related to Proof of Claim No. 83, including without limitation that Credit Enhancement Agreement entered into between Seth Bernstein and the Reorganized Debtor and attached to said Proof of Claim.

h.  Glenn Straub and any and all affiliates of Glenn Straub, including without limitation KK-PB Investments LLC, West Coast Investors, LLC and Palm Beach Polo, Inc. by reason of and as related to Case No. 562018CA001224AXXXHC, Circuit Court of the 19th Judicial Circuit, Palm Beach, Florida, the property located at 160 Royal Palm and claims associated with 160 Royal Palm LLC and its affiliates, or by reason of any known or unknown post-petition claims.

11.    The Borough of Naugatuck is the only known party to have a secured post-confirmation claim and lien, secured by the MVH Real Property, and whose allowed secured claim(s) shall be paid in full at closing from the proceeds of sale or whose liens shall attach to

the proceeds of sale of the Property in the order of their priority with the validity, force and effect that they have pursuant to the Confirmed Plan subject to the rights, claims, defenses and objections of the Reorganized Debtor and all interested parties with respect to such liens. [11]

12.     The Reorganized Debtor requests that in all events, pursuant to 11 U.S.C. §363 and §1123, that the purchaser of the Property shall take the Property free of all liens, claims or encumbrances and that any prior claimant or interest holder with respect to the Property may look only to the proceeds of sale for potential relief.

13.     11 U.S.C. § 1123 permits the sale of the MVH Real Property free and clear of all liens, claims and encumbrances pursuant to the terms of the Confirmed Plan.  Furthermore, section 363(f) of the Bankruptcy Code authorizes the Reorganized Debtor to sell property of the estate free and clear of any liens, claims or encumbrances if one of the following is met: (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents, (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property, (4) such interest is in bona fide dispute or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.  The language of Section 363(f) is in the disjunctive, so that a sale free and clear of interests can be approved if any of the aforementioned conditions is met. *In re Heine*, 141 B.R. 185, 189 (Bankr. D.S.D. 1992); In re Elliot, 94 B.R. 343, 345 (E.D. Pa. 1988).

14.     The Reorganized Debtor will have provided notice of the sale to all creditors and interested parties and the Broker has extensively marketed the Property. The Reorganized Debtor submits that as a result of the Brokers sales efforts, the sale will be for a fair and reasonable

---

[11] Such statement is not intended to exclude the priority rights of administrative claims and other priority claims, as specifically addressed within this Motion.

market price and conducted in good faith.  In connection therewith, Reorganized Debtor submits that both the Broker and the Borough of Naugatuck have acted in good faith and therefore the movant requests that the Sale Order provide appropriate findings and protections pursuant to Section 363(m) of the Bankruptcy Code.

15.    Collectively, these factors clearly evidence that the Liquidating Agent's proposed sale of the MVH Real Property to the Borough of Naugatuck, without any further delay and in accordance with the terms set forth in the MVH PSA, is in the best interest of all creditors of the estate.

16.    Moreover, pursuant to § 1146(a) of the Bankruptcy Code, the issuance, transfer or exchange of any security or the making or delivery of an instrument of transfer under the Plan may not be taxed under any law imposing a stamp tax or similar tax in any jurisdiction as all such transfers are deemed to be material components of and specifically contemplated within the Plan. See *Florida Department of Revenue v. Piccadilly Cafeterias, Inc.,* No. 07-312, 544 U.S. 33, 128 S. Ct. 2336, 171 L. Ed. 2d 203, 2008 U.S. LEXIS 5025 (2008).  Any such transfer occurring before, on or after the Effective Date shall be deemed to be in furtherance of the Confirmed Plan. This motion hereby requests that the Court specifically orders that any sale of the MVH Real Property or the Debtor's Homestead property as contemplated and agreed to in the Confirmed Plan, and other ancillary transactional documents giving rise to liens for which fees or taxes may otherwise be assessed, fall within the application of section 1146(a).

### Waiver of Stay Period Pursuant to Fed. R. Bankr. P. 6004(h).

17.    Finally, the Reorganized Debtor hereby requests that the Court waive the 14 day stay period pursuant to Fed. R. Bankr. P. 6004(h).

WHEREFORE, based on the foregoing, the Debtor respectfully requests that the Court the enter an Order: i) approving the form and manner of notice of sale, ii) approving the sale of the real property owned by MVH, LLC free and clear of liens, claims and encumbrances in accordance with the MVH PSA and as described herein and iii) granting the Debtor such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

FLORIDA BANKRUPTCY ADVISORS, P.L.

s:/ Christian R. Panagakos
CHRISTIAN R. PANAGAKOS
FL Bar No.: 0065579
cp@floridabankruptcyadvisors.com
120 E. Oakland Park Blvd., Suite 207
Oakland Park FL 33334
Tel: (954) 600-8990
Fax: (954) 692-9070
*Attorney for Reorganized Debtor*

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

s:/ Christian R. Panagakos